[See Tatham v. Leroy, Case No. 13,760.]

———

## Case No. 11,003.

### PERRY v. CORNING et al.

[6 Blatchf. 134.] 1

Circuit Court, N. D. New York. May 7, 1868.

EQUITY PRACTICE—BILL FOR DISCOVERY—ADMISSION OF COUNSEL.

1. Where a bill, founded on the alleged infringement of a patent, contained no special allegation that a discovery was necessary, and had no special interrogatories annexed to it, but contained the usual general prayer for an answer on oath. and a prayer for an account of profits, and it was demurred to on the ground that the court had no jurisdiction of the case made by the bill, because it did not pray for either a discovery or an injunction: *Held*, that, under the 93d rule in equity, the bill was a bill for a discovery and account, and that the demurrer must be overruled.

[Cited in Vaughn v. East Tennessee, V. & G. R. Co., Case No. 16,898.]

2. The admission of the counsel for the plaintiff, on the argument of the demurrer, that a discovery was not necessary, and that he did not seek a discovery, disregarded.

3. Whether the bill could be sustained as a bill for an account alone, quere.

The bill in this case alleged the infringement, by the manufacture and sale of stoves, of letters patent granted by the United States, and owned by the plaintiff [John S. Perry, trustee and executor]. It further alleged that the defendants [Erastus Corning and others] "did receive large profits and gains from said manufacture and sale," * * * "amounting, according to the information and belief of the plaintiff, to the sum of $10,000;" and that, by reason of the aforesaid unlawful acts and doings of the defendants in the premises, he had "sustained great loss and damage, and had been deprived of his lawful gains and profits, in the said sum of $10,000." After fully stating the case of the plaintiff, the bill prayed for a discovery and an account, as follows: "And forasmuch as your orator can have no adequate relief, except in this court—to the end, therefore, that the said defendants may, if they can, show why your orator should not have the relief herein and hereby prayed, and may, upon their and each of their corporal oaths, and according to their and each of their best and utmost knowledge, remembrance, information, and belief, full, true, direct, and perfect answers make to the premises, and to all the several matters hereinbefore stated and charged, as fully and particularly as if interrogated as to each and every of said matters, and may be compelled to account for, and pay, to your orator, the profits by them acquired, amounting to the sum of ten thousand dollars ($10,000), which your orator avers are the damages suffered by him from

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the aforesaid unlawful acts; and that the said defendants may be decreed to pay the costs of this suit." The bill also contains the usual prayer for general relief. To this bill the defendants demurred, on the ground that this court had no jurisdiction of the case made by the bill.

HALL, District Judge. Upon the argument of the demurrer, it was insisted that the bill could not be sustained, because it prayed neither for an injunction, nor for a discovery. The counsel for the plaintiff admitted that a discovery was not necessary, and that he did not seek a discovery; but he insisted that the bill could be sustained as a bill for an account alone. It may well be doubted whether, upon this demurrer, the court can act upon the admission of the plaintiff's counsel, that no discovery is required, provided the bill itself, upon its face, requires such discovery; and my impression is, that it cannot. I shall, therefore, consider the case as made by the bill.

There is no special allegation that a discovery is necessary, and there are no special interrogatories annexed to the bill. It was, therefore, insisted, that no discovery could be required under it. The 40th rule in equity, while in force, relieved the defendant from making any discovery under a bill framed like the one in the present case, and containing no special interrogatories; but this rule was expressly repealed by the 93d rule, which provides that "it shall not hereafter be necessary to interrogate a defendant specially and particularly, upon any statement in the bill, unless the complainant desires to do so, to obtain a discovery." I am inclined to think that, under this rule, the plaintiff is entitled to an answer, upon oath, to all the material allegations of his bill; and that it is, therefore, properly a bill for a discovery and account, like the bill in the case of Nevins v. Johnson [Case No. 10,136]. If this be so, the case last mentioned, and the cases of Sickels v. Gloucester Manuf'g Co. [Id. 12,841] and Imlay v. Norwich & W. R. Co. [Id. 7,012] would seem to be decisive of this case, and to require that the demurrer should be overruled.

There was another ground of jurisdiction insisted upon by the plaintiff's counsel, which, to say the least, is deserving of consideration. It was urged that, in an action at law for the infringement of a patent, the plaintiff can recover only the actual damages which he can prove he has sustained in consequence of the infringement (Hall v. Wiles [Case No. 5,954]; Buck v. Hermance [Id. 2,082]; Mayor, etc., of New York v. Ransom, 23 How. [64 U. S.] 487); while, in equity, he is entitled to recover the full amount of the profits made by the defendant by reason of the infringement (Livingston v. Woodworth, 15 How. [56 U. S.] 546; Dean v. Mason, 20 How. [61 U. S.] 198). It may often happen that the profits of the infringing defendant are much greater than any damages the plaintiff could prove he had sus-

tained; and. in such cases, it could hardly be said that the plaintiff had a full and adequate remedy at law. In such a case, as, in matters of account, courts of equity possess a concurrent jurisdiction, in most cases, with courts of law (Mitchell v. Great Works Milling & Manuf'g Co. [Case No. 9,662]) it would seem that there could be little doubt of the jurisdiction of a court of equity to order an account. But, without deciding this question, and upon the authority of the three cases first above cited, the demurrer is overruled, with costs. See. also, Potter v. Dixon [Id. 11,325]; Livingston v. Jones [Id. 8,414]; Jenkins v. Greenwald [Id. 7,270]. The decree upon the demurrer must be for the plaintiff, and will be final, unless the defendants, within thirty days after notice of the order overruling the demurrer, file their answer to the bill, and pay the costs occasioned by the demurrer.

[See Cases Nos. 11,004, 11,008, and 11,012.]